R. E. LARKIN v. JOHN MILLIT.

**Debtor and Creditor—Debts Purchased by Agent—Participation in Fraud-Equity Will Not Relieve.**

Equity will not relieve a debtor from the payment of debts purchased by his agent, where he has participated in the fraud committed on his creditors by his agent.

APPEAL FROM JEFFERSON CIRCUIT COURT

November 23, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

Although there is some contrariety of evidence as to the understanding between Larkin and Millit, under which Larkin purchased the debts of Millit, it is proved, we think, by a decided preponderance of the evidence, that Larkin acted and premitted the use of his name in buying up the debts as the friend and agent of Millit, and mainly by the use of his means.

Although it is shown that Larkin drew upon and used the greater part of a fund of $2,279.79 of his own money in the hands of Graham at Philadelphia, in payment for claims purchased by him on Millit, it appears from the evidence of Crabb, sustained by other evidence, that he was reimbursed the amount so paid; but if on this or any other account Millit is, on a settlement, indebted to Larkin, the claim of the latter may yet be legitimate, and for that purpose he seems to be prosecuting a cross petition in the suits in the Fulton Circuit Court. What we mean here to decide is, that Larkin is not in his own right the owner of the judgments and other claims enjoined by Millit, and is not therefore entitled to enforce them as such.

The objection of the appellant that Millit ought not to be relieved in a court of equity, because according to his own theory he was guilty of participation in a fraud upon his creditors, is not, as we think well taken. While the principle thus attemped to be applied is undoubtedly correct, and there is evidence conducing to show that the real character of Larkin's agency in buying the claims was not truly disclosed to a part of the creditors, it does not still appear that it was not true as professed and repre-

sented by both Millit and Larkin that the propositions made to and accepted by the creditors were not reasonable and just, in view of Millit's large indebtedness compared with his means of paying.

The judgment is affirmed.